**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEAL MANZAY, on behalf of himself and all others similarly situated,** | § | **Case No.** 3:23-cv-02855 |
| **Plaintiffs,** | § | |
| **v.** | § | **ORIGINAL VERIFIED COLLECTIVE ACTION OR, ALTERNATIVELY, CLASS ACTION COMPLAINT** |
| **LA DUNI MCKINNEY, L.P., LATIN RESTAURANTS OPERATIONS, LLC, AND ESPARTACO V. BORGA,** | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

Samueal Manzay ("**Mr. Manzay**" or "**Plaintiff**"), on behalf of himself and all others similarly situated, files this Original Verified Collective Action or, Alternatively, Class Action Complaint against La Duni McKinney, L.P. ("**La Duni**"), Latin Restaurants Operations, LLC ("**LRO**"), and Espartaco V. Borga ("**Borga**") (collectively, "**Defendants**"), concerning their acts, omissions, and status upon actual knowledge, and concerning all other matters upon information, belief, and investigation, and respectfully shows the Court the following:

## I. NATURE OF THE CASE

1. Plaintiff brings this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("**FLSA**"), on behalf of himself and all other similarly situated non-exempt, hourly employees of La Duni, whose general partner is LRO and principal is Borga, forming the putative FLSA Collective ("**Collective Members**") for Defendants' knowing failure to pay regular and/or overtime wages to Plaintiff and the Collective Members for work performed before La Duni shuttered its McKinney Avenue location in Dallas, Texas, and/or knowingly requiring, suffering, or permitting Plaintiff and the Collective Members to work less than 40 hours per week without paying them wages and/or more than 40 hours per week without paying them overtime wages.

2. Plaintiff also brings this class action on behalf of himself and all other similarly situated non-exempt, hourly paid employees in Texas ("**Texas Class**") as a class action under Federal Rule of Civil Procedure 23 to remedy Defendants' breach of contract by failing to pay wages to Plaintiff and the Texas Class.

## II. THE PARTIES

3. Samueal Manzay is an adult citizen of the State of Texas. A written consent form for Mr. Manzay to serve as Collective Representative is attached hereto as **Exhibit A**. Executed consents from collective members will be filed as supplements to this Complaint.

4. Defendant La Duni McKinney, L.P. ("**La Duni**"), is a Texas limited partnership with forfeited existence that was doing business in Dallas County, Texas. La Duni may be served with process through its registered agent, Espartaco Borga, at its registered office, 4264 Oak Lawn Avenue, Dallas, Texas 75219, or its general partner's registered address, 7607 Yamini Dr., Dallas, Texas 75230, or at its principal office, 2612 Irving Blvd., Dallas, Texas 75207, or anywhere else Espartaco Borga may be found. Issuance of summons to this Defendant is requested.

5. Defendant Latin Restaurants Operations, LLC ("**LRO**"), is a Texas limited liability company doing business in Dallas County, Texas. LRO may be served with process through its registered agent, Espartaco V. Borga, at its registered office, 7607 Yamini Dr., Dallas, Texas 75230, or at its principal office, 2612 Irving Blvd., Dallas, Texas 75207, or anywhere else Espartaco Borga may be found. Issuance of summons to this Defendant is requested.

6. Defendant Espartaco Borga ("**Borga**") is an individual residing in Dallas County, Texas. Borga may be served with process at the registered office for businesses of which he is the registered agent, 7607 Yamini Dr., Dallas, Texas 75230, or at his principal office, 2612 Irving

Blvd., Dallas, Texas 75207, or anywhere else he may be found. Issuance of summons to this Defendant is requested.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction of this action under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer…in any Federal or State court of competent jurisdiction"), and under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff pleads a claim under the FLSA. Moreover, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. This Court also has jurisdiction over Plaintiff's class action breach of contract claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction). The class action breach of contract claims are so closely related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is appropriate in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside and do business within this District and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## IV. BACKGROUND FACTS

9. La Duni, LRO, and their related entities once operated a network of bakeries and cafes with multiple locations in Dallas and Frisco. While a single "baking studio" and "ghost kitchen" remain on Irving Boulevard, three of the group's locations shuttered in 2020 and, most recently, the group's original location on McKinney Avenue closed on April 10, 2023.

10. Sadly, Mr. Manzay and at least approximately seven (7) other employees of the McKinney Avenue location were laid off in connection with the closing of that store, and Defendants failed and refused to pay them wages for multiple pay periods despite Mr. Manzay and his co-workers properly reporting their hours worked to Defendants.

11. For example, Mr. Manzay's last day of work was on or about April 10, 2023, and he is owed at least approximately $3,000 in unpaid hourly wages for work he performed before the McKinney Avenue location was closed on or about that date. Despite promises by Defendants that payment would be forthcoming, the wages remain unpaid.

12. Likewise, at least approximately seven (7) of Mr. Manzay's co-workers were unpaid for work they performed before the McKinney Avenue location was closed, which includes regular pay and possibly overtime pay as well.

13. At all times relevant to this lawsuit, Borga owned and controlled La Duni and LRO, and he failed to cause them to pay wages to Mr. Manzay and the other putative Collective Members. Alternatively, Borga holds or held a significant ownership interest in La Duni and LRO.

14. Moreover, at all times relevant to this suit, Borga exercised full day-to-day operational control over the affairs of La Duni and LRO, including without limitation Borga acting directly or indirectly in the interests of La Duni and LRO with respect to hiring, firing, supervising, controlling work schedules and conditions of employment, and making wage payment decisions with respect to Mr. Manzay and other similarly situated non-exempt hourly employees of La Duni and LRO. For example, without limitation: at all times relevant to this suit: (a) Borga had and exercised the powers to hire and fire Mr. Manzay and other similarly situated non-exempt hourly employees of La Duni and LRO, to supervise or control his and their work schedules and conditions of employment, and to determine his and their rate and method of payment of wages; and (b) Borga was directly or indirectly responsible for, or at least had knowledge of and failed to correct, the failure to pay Mr. Manzay and other similarly situated non-exempt hourly employees of La Duni and LRO regular and/or overtime wages.

15. At all times relevant to this suit, La Duni, LRO, and Borga were each an "employer" of Mr. Manzay and similarly situated non-exempt hourly employees of Defendants within the meaning of the FLSA, and Borga exercised ownership, control, oversight, and direction of La Duni and LRO as set forth hereinabove.

16. At all times relevant to this suit, Defendants maintained control, oversight, and direction over Mr. Manzay and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to Mr. Manzay and similarly situated employees.

17. At all times relevant to this suit, Defendants applied the same employment policies, practices, and procedures to, and exerted the same formal and functional control over, all non-exempt, hourly employees, including Mr. Manzay and similarly situated employees.

18. At all times relevant to this suit, La Duni and LRO had at least two employees and La Duni's and LRO's annual gross volume of sales or business done was at least $500,000.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings this collective action for himself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime wages, liquidated damages, and other damages related to Defendants' violations of the FLSA.

20. Plaintiff pursues this action on behalf of the following Collective Members:

> All individuals who currently work, or have worked, for Defendant La Duni and/or Defendant LRO as non-exempt, hourly paid employees, during the applicable statute of limitations period, and performed regular and/or overtime work without receiving all wages owed for such work.

21. Plaintiff is one of the Collective Members whom he seeks to represent because he was classified as non-exempt and employed on an hourly basis during the relevant period, and he was routinely required, suffered, or permitted to work less and/or more than 40 hours per week but was not paid regular wages and/or overtime wages.

22. Even though Plaintiff and the Collective Members did not satisfy any test for exemption, Defendants engaged in a common scheme requiring, suffering, or permitting Plaintiff and/or Collective Members to work without regular pay and/or overtime pay.

23. Although Plaintiff and the Collective Members may have had different job titles, been hired by different individuals, and/or worked in different offices during the relevant period, this action may be properly maintained as a collective action because Plaintiff and the Collective Members were similarly situated, including without limitation as follows:

a. Plaintiff and Collective Members were hired by or at the direction of Borga and assigned to work for La Duni and/or LRO.

b. La Duni and/or LRO required Plaintiff and Collective Members to follow its company policies, practices, and directives.

c. Plaintiff and Collective Members were all classified as non-exempt.

d. Plaintiff and Collective Members were all hourly paid employees.

e. Plaintiff and Collective Members all worked less than 40 hours per week.

f. Plaintiff and Collective Members all worked in excess of 40 hours per week.

g. Defendants required, suffered, or permitted Plaintiff and Collective Members to work without any pay when working less than 40 hours per week.

h. Defendants required, suffered, or permitted Plaintiff and Collective Members to work without overtime pay when working in excess of 40 hours per week.

i. Regardless of their job title or location, Defendants did not pay Plaintiff and the Collective Members an hourly rate for all time worked, including both time worked less than 40 hours per week and time worked in excess of 40 hours per week.

j. Regardless of their job title or location, Defendants did not pay Plaintiff and the Collective Members an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week.

k. Defendants maintained common timekeeping systems and policies with respect to Plaintiff and the Collective Members regardless of their job title or location.

l. Defendants failed to record all the time actually worked by Plaintiff and Collective Members and/or altered timecards submitted by Plaintiff and Collective Members.

m. Defendants maintained data and/or records showing that Plaintiff and Collective Members worked less and/or more than 40 hour per week without any pay and/or without an overtime premium.

24. Plaintiff estimates that there will be at least eight (8) Collective Members and potentially far more, including both current and former employees over the relevant period.

25. The precise number of Collective Members should be readily available from Defendants' personnel records, scheduling records, time records, and from input received from the Collective Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

26. Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and via electronic mail.

27. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## VI. IN THE ALTERNATIVE, CLASS ALLEGATIONS

28. Plaintiff brings this class action for breach of contract under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following "**Texas Class**":

> All individuals who currently work, or have worked, for Defendants La Duni and/or LRO in Texas as non-exempt, hourly paid employees, during the applicable statute of limitations period, and performed regular and/or overtime work without receiving all wages owed for such work.

29. Excluded from the Texas Class are La Duni's and LRO's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in La Duni and/or LRO; the Judge(s) to whom this

case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Texas Class.

30. The persons in the Texas Class identified above are so numerous and difficult to reach (despite efforts to do so) that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

31. On information and belief, the Texas Class includes at least ten (10) employees.

32. Defendants acted or refused to act on grounds generally applicable to the Texas Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Texas Class as a whole.

33. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are material questions of law and fact common to the Texas Class that predominate over any questions solely affecting individual members of the Texas Class, including but not limited to:

a. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Texas Class;

b. whether Defendants altered time records for all hours worked by Plaintiff and the Texas Class;

c. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records and/or alters time records;

d. whether Defendants failed and/or refused to pay Plaintiff and the Texas Class regular pay for hours worked less than 40 hours per workweek as required by their contracts of employment and applicable law;

e. whether Defendants failed and/or refused to pay Plaintiff and the Texas Class overtime pay for hours worked in excess of 40 hours per workweek as required by their contracts of employment and applicable law;

f. the nature and extent of the class-wide injury and the appropriate measure of damages for the Texas Class;

g. whether Defendants have a policy of denying Plaintiff and the Texas Class compensation for hours worked under 40 hours in a workweek; and

h. whether Defendants have a policy of denying Plaintiff and the Texas Class compensation for hours worked over 40 in a workweek.

34. Plaintiff's claims are typical of the claims of the Texas Class he seeks to represent.

35. Plaintiff and the Texas Class Members work or have worked for Defendants in Texas and have been subjected to Defendants' policy and pattern or practice of failing to pay regular and overtime wages for hours worked less than and in excess of 40 hours per week, in breach of Plaintiff's and the Texas Class Members' valid, binding contracts of employment with Defendants.

36. Defendants acted and refused to act on grounds generally applicable to the Texas Class, thereby making declaratory relief with respect to the Texas Class appropriate.

37. Plaintiff has retained counsel competent and experienced in employment and complex class action litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

39. The members of the Texas Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.

40. Although the relative damages suffered by individual members of the Texas Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.

41. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## VII. CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

42. All of the work that Plaintiff, the FLSA Collective Members, and the Texas Class members (together, "**Class Members**") performed was assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the Class Members have performed.

43. Defendants employed Class Members in Texas.

44. Upon information and belief, Defendants' business is a centralized, top-down operation controlled by Borga in Dallas, Texas.

45. Pursuant to corporate policies formulated in whole or in part at Defendants' headquarters in Dallas and applicable at Defendants' locations in Texas, Defendants have denied Collective Members and Class Members compensation for hours worked both under and over 40 hours in a workweek.

46. Pursuant to corporate policies formulated in whole or part at Defendants' headquarters in Dallas, and applicable at Defendants' locations in Texas, Defendants have encouraged and required Collective Members and Class Members to work less than and/or more than 40 hours per workweek without pay.

## VIII. CAUSES OF ACTION

### A. COUNT 1: VIOLATION OF THE FLSA (PLAINTIFF AND THE FLSA COLLECTIVE MEMBERS V. DEFENDANTS)

47. All paragraphs through Section VII of this Petition are hereby incorporated by reference as if fully set forth herein.

48. At all times relevant to this suit, Defendants La Duni and LRO are and were an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are and were engaged in

commerce, or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

49. At all times relevant to this suit, Defendants are and were "employers" as defined by the FLSA and case law construing it.

50. Plaintiff and the Collective Members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

51. The FLSA, at 29 U.S.C. § 206(a)(1), states that employees must be paid a minimum wage for all hours worked under 40 hours per week.

52. The FLSA, at 29 U.S.C. § 207(a)(1), states that employees must be paid an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

53. Throughout the relevant period, Plaintiff and Collective Members were classified as "non-exempt" from the FLSA's overtime requirements and paid an hourly rate of pay.

54. Throughout the relevant period, Defendants violated the FLSA by engaging in a common scheme requiring, suffering, or permitting Plaintiff and the Collective Members to work under 40 hours per week without pay.

55. Throughout the relevant period, Defendants violated the FLSA by engaging in a common scheme requiring, suffering, or permitting Plaintiff and the Collective Members to work more than 40 hours per week without pay.

56. Throughout the relevant period, Plaintiff and the Collective Members worked under 40 hours per week but were not paid a minimum wage of at least the legally required minimum amount per hour for all such work.

57. Throughout the relevant period, Plaintiff and the Collective Members worked in excess of 40 hours per week but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

58. Throughout the relevant period, Defendants violated the FLSA by failing to keep accurate, contemporaneous records of the hours Plaintiff and Collective Members actually worked each week and/or by altering records of the hours Plaintiff and Collective Members actually worked each week. While, under the circumstances, Defendants' time records will not fully demonstrate Plaintiff's and Collective Members' regular and overtime work, other records and data points exist that will confirm the nature and extent of Plaintiff's and Collective Members' overtime work.

59. Plaintiff and the Collective Members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of regular and overtime wages owed for time worked under and/or in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

60. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees (*i.e.*, Collective Members).

61. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

62. Plaintiff has consented in writing to become a party plaintiff in this action and such consent is being filed with this Complaint. *See* Exhibit A

63. Moreover, Borga is the individual who had full operational control over all affairs of La Duni and LRO. Borga knew, had reason to know, or, alternatively, recklessly disregarded, that La Duni and LRO had an obligation to pay regular and overtime wages to Plaintiff and the Collective Members. Yet, La Duni and LRO has failed to pay those regular and overtime wages to Plaintiff and the Collective Members, and Borga knew and failed to remedy the same, even upon demand.

64. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees (*i.e.*, the Collective Members) have been deprived of regular compensation and/or overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery against Defendants, jointly and severally, of such amounts, liquidated damages of "an additional equal amount," prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### B. COUNT 2: ALTERNATIVELY, BREACH OF CONTRACT (PLAINTIFF AND THE TEXAS CLASS MEMBERS V. DEFENDANTS)

65. All paragraphs through Section VII of this Petition are hereby incorporated by reference as if fully set forth herein.

66. This Count 2 is plead in the alternative.

67. Plaintiff and the Texas Class Members had valid, binding contracts of employment (even if those were oral contracts) with La Duni and/or LRO.

68. Plaintiff and the Texas Class Members performed their obligations under those contracts, including working for La Duni and/or LRO.

69. La Duni and/or LRO breached those contracts by failing to pay Plaintiff and the Texas Class Members regular and overtime pay for hours worked for La Duni and/or LRO.

70. La Duni and/or LRO's breaches of those contracts caused Plaintiff and the Texas Class Members to suffer damages, including the regular and overtime pay they did not receive for the work they performed.

71. Plaintiff has consented in writing to represent the Texas Class and such consent is being filed with this Complaint. *See* Exhibit B.

72. Due to Defendants' breaches of contract, Plaintiff and the Texas Class Members are entitled to recover from Defendants, jointly and severally, unpaid regular and overtime pay, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## IX. JURY DEMAND

73. Plaintiff hereby demands a trial by jury in the above-captioned matter.

## X. PRAYER

For the foregoing reasons, Plaintiff, on behalf of himself, the FLSA Collective Members, and the Texas Class Members, prays for the following relief:

a. Entry of an Order requiring Defendants to file with the Court and provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants as non-exempt, hourly paid employees during the applicable statute of limitations period, but were not paid a minimum wage for all time worked under 40 hours per week and/or were not paid an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week.

b. Entry of an Order authorizing Plaintiff's counsel to issue a notice informing Collective Members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit.

c. Entry of an Order designating the named Plaintiff Samueal Manzay as class representative of the Texas Class, and counsel of record as Class Counsel.

d. Entry of an Order authorizing Plaintiff's counsel to issue a notice informing Texas Class Members that this action has been filed, of the nature of the action, and of their right to opt-out to this lawsuit.

e. Issuance of a declaratory judgment that the practices complained of in this Original Verified Collective or, Alternatively, Class Action Complaint are unlawful under applicable federal and state law.

f. Entry of an Order or judgment that Defendants willfully violated the applicable minimum wage and/or overtime provisions of the FLSA by failing to pay all required wages to Plaintiff and the Class Members.

g. Entry of judgment in favor of Plaintiff and the Class Members on their FLSA and/or, alternatively, breach of contract claims, including without limitation:

1. Awarding compensatory damages to Plaintiff and the Class Members in an amount to be determined by the jury;

2. Awarding statutory liquidated damages to Plaintiff and the Class Members in an amount equal to the compensatory damages awarded;

3. Awarding all costs and attorneys' fees incurred in prosecuting this case;

4. Awarding pre-judgment and post-judgment interest to Plaintiff and the Class Members;

5. Awarding reasonable incentive awards to the Named Plaintiff to compensate him for the time and effort he has spent and will spend protecting the interest of other Class Members, and the risks he is undertaking;

6. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

7. Awarding all other relief that the Court deems just and equitable; and

8. Granting leave to add additional case plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

Dated: December 26, 2023.

Respectfully Submitted,

*/s/ Michael R. Steinmark*
**MICHAEL R. STEINMARK**
State Bar No. 24051384
**BRUCE W. STECKLER**
State Bar No. 00785039

**STECKLER WAYNE & LOVE, PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
*michael@swclaw.com*
*bruce@swclaw.com*

**ATTORNEYS FOR PLAINTIFFS SAMUEAL MANZAY AND THE PUTATIVE COLLECTIVE AND CLASS**

**VERIFICATION**

My name is Samueal Manzay, my date of birth is 11/13/1992, and my address is 3131 Kingbridge St.371 Dallas, County, Texas 75212, U.S.A. I declare and verify under penalty of perjury under the laws of the State of Texas and the United States of America that I have read the foregoing Original Verified Collective Action or, Alternatively, Class Action Complaint, and, to the best of my personal knowledge, information known or available to me at this time, belief, and investigation, the allegations therein are true and correct.

Executed in Dallas County, State of Texas, on December 23, 2023.

Samueal Manzay
Samueal Manzay, Declarant